IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KATHERINE M. VEST                                                           PLAINTIFF

v.                                    CIVIL NO. 11-3113

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Katherine Marie Vest, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background**:

Plaintiff protectively filed her current applications for DIB and SSI on June 25, 2010, alleging an inability to work since June 18, 2010, due to a herniated disc in the neck, neck spurs, mental stress, attention deficit disorder, and anxiety. (Tr. 176, 183, 223). An administrative hearing was held on September 1, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 45-108).

By written decision dated September 15, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments: a cervical spine disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, but no climbing ropes, ladders, or scaffolds. The claimant cannot reach overheard.

(Tr. 12). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a license clerk. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 5, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff argues the following issues in this appeal: 1) the ALJ erred in failing to find Plaintiff's depression, attention deficit disorder, and chronic fatigue to be severe impairments; 2) the ALJ erred in determining Plaintiff's RFC; and 3) the ALJ erred in performing the credibility analysis.

### A. Motion for New and Material Evidence:

On May 10, 2012, Plaintiff filed a brief setting forth reasons why she believed the ALJ had erred in denying her applications for disability benefits. (Doc. 8). In her brief, Plaintiff attached as an exhibit the September 22, 2011, report and opinion of Dr. Vann Arthur Smith, a neuropsychologist, who opined that Plaintiff was unable to perform substantial gainful activity. (Doc. 8, Attachment 1). Plaintiff argues that while this report was not before the ALJ, it was submitted to the Appeals Council therefore the Court can consider this evidence when reviewing the ALJ's determination. Defendant filed a brief on June 8, 2012, arguing that this evidence was not part of the certified administrative record, and therefore cannot be considered. (Doc. 10). The Court notes that the Appeals Council Notice dated October 5, 2011, did not state that it had received or reviewed the findings of Dr. Smith. (Tr. 1-4). As it appears this evidence was not

AO72A (Rev. 8/82)

before the Defendant at any time, the Court will construe Plaintiff's brief and exhibits as a motion for the Court to consider new and material evidence.

A court may remand a social security claim for consideration of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Hepp v. Astrue, 511 F.3d 798, 808 (8th Cir.2008) (quoting 42 U.S.C. § 405(g)). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Secretary's determination." Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir.1993). This evidence concerns Plaintiff's medical condition three weeks after the ALJ's unfavorable determination.

In order for new evidence to be submitted, Plaintiff must also show good cause for failing to incorporate the evidence into the administrative proceeding. In referencing Dr. Smith's opinion, Plaintiff states this evidence was before the Appeals Council and therefore can be considered by the Court.

A review of the certified administrative record failed to show that Plaintiff attempted to submit Dr. Smith's evaluation to the Appeals Council. After reviewing the Appeal Council's Notice, Plaintiff's counsel should have been alerted to the fact that the Appeals Council failed to mention the receipt or review of Dr. Smith's opinion. Plaintiff's counsel could have then requested that the Appeals Council reconsider and include Dr. Smith's report in the record for review as Plaintiff's counsel alleges this evidence was mailed to Defendant on September 29, 2011. Because Plaintiff failed to address why this evidence was not submitted to the Appeals

Council, the Court does not find Plaintiff established good cause for failing to incorporate the evidence into the administrative proceeding. See Hepp, 511 F.3d at 808 (citing Hinchey v. Shalala, 29 F.3d 428, 433 (8th Cir.1994))("Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation."). Based on the above, the Court will not consider this evidence when determining if substantial evidence supports the ALJ's determination.

**B.    Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that the ALJ erred in not finding Plaintiff's depression, attention deficit disorder, and chronic fatigue to be severe impairments. While the ALJ did not find these impairments to be severe, the ALJ specifically discussed these alleged impairments, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. (Tr. 10-11). See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as

"severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

The Court further notes that a review of the evidence reveals that while Plaintiff did report fatigue to her treating physician at times, in October of 2010, Plaintiff denied experiencing fatigue. (Tr. 401). The record further revealed that Plaintiff's attention deficit disorder was well controlled with the use of medication. As pointed out by the ALJ, Plaintiff was able to perform her job as a license clerk for fifteen years while being treating for this impairment. It is also noteworthy that in August of 2010, Plaintiff reported to Dr. Nancy Bunting that she did not know of any mental or emotional problems that interfered with her working. (Tr. 363).

Based on the evidence of record, the Court finds that the ALJ's determination that Plaintiff's alleged depression, attention deficit disorder and fatigue were not "severe" impairments does not constitute reversible error.

### C. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain

-7-

AO72A
(Rev. 8/82)

are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. When determining Plaintiff's RFC, the ALJ specifically discussed the relevant medical records, including the "other source " opinions of LaGena L. Rosa, DC, and Joe W. McCoy, DC, and set forth the reasons for the weight given to the medical and "other source" opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

**D.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may

not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The record revealed that during the relevant time period, Plaintiff received unemployment benefits. The Court notes "[a] claimant may admit an ability to work by applying for unemployment compensation benefits because such an applicant must hold himself out as available, willing and able to work." Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir.1991).

Plaintiff also alleged an inability to seek treatment due to a lack of finances; however, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The Court would also point out that the record revealed in August of 2010, Plaintiff was noted to be driving a BMW sports convertible, and that Plaintiff was able to come up with the funds to support her smoking habit.

As for activities of daily living, the record revealed that in August of 2010, Plaintiff reported she was able to drive herself to appointments, to shop without difficulty, to perform household chores, to watch television, to use the computer for email and solitaire, and to attend

her daughter's school events. This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application was supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### E. Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who testified that Plaintiff's past relevant work consisted of a light, semi-skilled job. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the ALJ properly concluded Plaintiff could perform her past relevant work as a license clerk, as performed in the national economy.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 15th day of February, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE